IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR WYATT,

      Plaintiff,                        No. CIV S-05-2025 LKK EFB P

     vs.

CITY OF CHICO POLICE DEPT.,      ORDER
et al.,

      Defendants.
_____/

     Plaintiff is proceeding pro se with a civil action pursuant to 42 U.S.C. § 1983. He is a former state prisoner and has requested leave to proceed *in forma pauperis*. Good cause appearing, that request is granted.

     On April 7, 2006, the court found that plaintiff had failed to keep the court informed as to his mailing address as required by Local Rule 83-182(f), and recommended dismissal. On May 8, 2006, July 3, 2006, and November 22, 2006, plaintiff filed notices of change of address. Good cause appearing, the April 7, 2006, findings and recommendations are vacated.

     Plaintiff has named the City of Chico Police Department as a defendant in this action. The Civil Rights Act under which this action was filed provides as follows:

////

/////

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The court finds that plaintiff's inclusion of the City of Chico Police Department is based solely upon a theory of respondeat superior liability. Therefore, the court is not ordering service of process on that defendant.

Plaintiff has named a private citizen, defendant Gama, as a defendant in this action. Plaintiff does not allege sufficient facts indicating that defendant Gama was a willful participant with the State or its agents in an activity that deprived him of his constitutional rights. *See Montue v. National Concrete Cutting Co*. 101 Fed.Appx. 752 (2004)(citing *Brunette v. Humane Soc'y*, 294 F.3d 1205, 1211 (9th Cir.2002)). Therefore, the court is not ordering service of process on defendant Gama.

The complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. If plaintiff elects to proceed forthwith against defendants Lara, Palmer, and Winnings, against whom he has stated a cognizable claim for relief, then within thirty days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant City of Chico Police Department and defendant Gama without prejudice.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). As to defendant Gama, to establish conspiracy under Section 1983, plaintiff must prove either by direct or circumstantial evidence (1) agreement between a state actor and defendant Gama, (2) to act in concert to inflict unconstitutional injury, and (3) an overt act done in furtherance of that goal. *Stein v. Janos*, 269 F.Supp.2d 256 (S.D.N.Y.2003).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

/////

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 7, 2006, are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Service is appropriate for the following defendants: Lara, Palmer, Winnings.

4. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed .

5. Within thirty days from the date of this order, plaintiff shall:

   A. Complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 3 above; and

   d. Four copies of the endorsed complaint filed October 6, 2005;

   or,

   B. File an amended complaint that also states a cognizable claim against either defendant City of Chico Police Department or defendant Gama, or both.

6. In the event plaintiff opts to proceed with service of defendants Lara, Palmer, and Winnings, plaintiff need not attempt service on those defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: December 29, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR WYATT,

      Plaintiff,                No. CIV S-05-2025 LKK EFB P

      vs.

CITY OF CHICO POLICE DEPT., et al.,

      Defendants.           <u>NOTICE OF SUBMISSION</u>

                                    /            <u>OF DOCUMENTS</u>

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

      One      completed summons

      \_\_\_\_      completed USM-285 forms

      \_\_\_\_      copies of the _____
                            Complaint/Amended Complaint

DATED:

                                                        Plaintiff

5