IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR WYATT,

      Plaintiff,                       No. CIV S-05-2025 LKK EFB P

      vs.

CITY OF CHICO POLICE DEPT., et al.,

      Defendants.                ORDER

_____/

      Plaintiff is proceeding pro se with a civil action pursuant to 42 U.S.C. § 1983. By order filed January 3, 2007, the court found that plaintiff had stated a claim against defendants Lara, Palmer, and Winnings. On February 2, 2007, plaintiff filed an amended complaint. Before the court had an opportunity to screen the amended complaint, plaintiff filed a second amended complaint on March 19, 2007. The court has now screened the second amended complaint and for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Lara, Palmer, Winnings, and Gama. *See* 28 U.S.C. § 1915A.

      Plaintiff asserts a claim against a private citizen, defendant Teri Gama, under 42 U.S.C. § 1983 ("Section 1983"), which provides a means of redress to individuals who have been deprived of federal constitutional or federal statutory rights by persons acting under color of

1  state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, private parties
2  do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.1991). The
3  Supreme Court however, has noted that if engaged jointly with state officials with respect to a
4  challenged action, private persons are acting under color of law for Section 1983 purposes.
5  *Dennis v. Sparks*, 449 U.S. 24, 28; *see also Price*, 939 F.2d at 708 (noting that "a person may
6  become a state actor by conspiring with a state official" but that " 'merely resorting to the courts
7  . . . does not make a party a co-conspirator or a joint actor with the judge' ") (quoting *Dennis*,
8  449 U.S. at 28). Plaintiff alleges that defendant Gama colluded with defendant Lara, a police
9  officer, to revoke plaintiff's parole. This allegation states a due process claim.

10  For the reasons stated below, the court finds that the complaint does not state a
11  cognizable claim against defendants Carine Nelson or the City of Chico Police Department.

12  Plaintiff may proceed forthwith to serve defendants Lara, Palmer, Winnings, and Gama,
13  and pursue his claims against only those defendants or he may delay serving any defendant and
14  attempt again to state a cognizable claim against defendants Nelson and the City of Chico Police
15  Department.

16  If plaintiff elects to attempt to amend his complaint to state a cognizable claim against
17  defendants Nelson and the City of Chico Police Department, he has 30 days so to do. He is not
18  obligated to amend his complaint.

19  If plaintiff elects to proceed forthwith against defendants Lara, Palmer, Winnings, and
20  Gama, against whom he has stated a cognizable claim for relief, then within 20 days he must
21  return materials for service of process enclosed herewith. In this event the court will construe
22  plaintiff's election as consent to dismissal of all claims against defendants Nelson and City of
23  Chico Police Department without prejudice.

24  Any amended complaint must show the federal court has jurisdiction, the action is
25  brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It
26  must contain a request for particular relief. Plaintiff must identify as a defendant only persons

who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). A plaintiff bringing a civil rights action pursuant to 42 U.S.C. § 1983 must show that at the time of the alleged harm, the defendant was a state actor, acting under color of state law, or participating in a state actor's act under color of state law, as discussed regarding defendant Gama, above. Plaintiff identifies defendant Nelson as only "female" and makes no allegations that she was a state actor acting under state law at the

1   time.  Even if she was, the facts alleged are insufficient to state a cause of action because verbal
2   harassment or abuse does not rise to the level of a constitutional deprivation.  *See Oltarzewski v.*
3   *Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987).  The court finds that plaintiff has not stated a claim
4   against defendant Nelson.
5       "A local government entity is liable under § 1983 when 'action pursuant to official
6   municipal policy of some nature cause[s] a constitutional tort.' " *Oviatt v. Pearce*, 954 F.2d
7   1470, 1473-74 (9th Cir.1992) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).
8   In addition, a local governmental entity may be liable if it has a "policy of inaction and such
9   inaction amounts to a failure to protect constitutional rights."  *Id*. at 1474 (citing *City of Canton*
10  *v. Harris*, 489 U.S. 378, 388 (1989)); see also *Monell*, 436 U.S. at 690-91.  The custom or policy
11  of inaction, however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, or
12  "'deliberate choice to follow a course of action ... made from among various alternatives by the
13  official or officials responsible for establishing final policy with respect to the subject matter in
14  question.'"  *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469,
15  483-84 (1986) (plurality opinion)).  Plaintiff has failed to allege any facts that defendant Lara
16  was acting pursuant to official policy of the City of Chico Police Department.  Indeed, the facts
17  he has alleged point away from such a conclusion.  Plaintiff has also failed to allege facts that the
18  City of Chico Police Department had a policy of inaction that amounted to a failure to protect
19  plaintiff's constitutional rights.  The court therefore finds that plaintiff has failed to state a claim
20  against the City of Chico Police Department.
21      The court (and defendant) should be able to read and understand plaintiff's pleading
22  within minutes.  *McHenry*, 84 F.3d at 1179-80.  A long, rambling pleading including many
23  defendants with unexplained, tenuous or implausible connection to the alleged constitutional
24  injury, or joining a series of unrelated claims against many defendants, very likely will result in
25  delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action
26  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a third amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, the court hereby orders that:

1. Claims against defendants Nelson and the City of Chico Police Department are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Lara, Palmer, Winnings, and Gama. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed March 19, 2007, four USM-285 forms and instructions for service of process on defendants Lara, Palmer, Winnings, and Gama. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and five copies of the endorsed March 19, 2007, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Lara, Palmer, Winnings, and Gamam will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will

5

1 construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective
2 claims against defendants Nelson and the City of Chico Police Department without prejudice.
3 Dated: November 20, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR WYATT,

      Plaintiff,                    No. CIV S-05-2025 LKK EFB P

    vs.

CITY OF CHICO POLICE DEPT., et al.,

      Defendants.             NOTICE OF SUBMISSION
                                      /       OF DOCUMENTS

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

       One      completed summons

       \_\_\_      completed USM-285 forms

       \_\_\_      copies of the _____
                           Amended Complaint

DATED:

                                           Plaintiff