IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR WYATT,

        Plaintiff,                    No. CIV S-05-2025 LKK EFB P

    vs.

CITY OF CHICO POLICE DEPT.       ORDER
et al.,

        Defendants.
_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He requests that the court stay all proceedings so that he can complete discovery. The request is not entirely clear, but it appears plaintiff is asking for more time to complete discovery. The court's April 29, 2008 scheduling order set August 29, 2008, as the date by which discovery must be completed. Therefore, the court construes plaintiff's motion as one to modify that scheduling order.

        A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff asserts that he could not timely complete discovery because his legal materials have been withheld from him. Plaintiff does not explain how this prevented him from

1

1 participating in discovery.  Rather, plaintiff states that he prepared discovery-related documents
2 as early as May 27, 2008.  However, plaintiff mailed these documents to a lawyer who, on
3 August 8, 2008, responded to plaintiff that she was unable to assist him with his case.  Plaintiff
4 does not describe any efforts to retrieve the documents that he inadvertently mailed, nor does he
5 describe any efforts to redraft such documents.  Without such explanation, the court cannot find
6 that he exercised diligence.  Plaintiff fails to demonstrate he was unable to meet the deadline
7 despite due diligence.

8 In the same filing, plaintiff also requests that the court appoint an expert witness on his
9 behalf.  The expenditure of public funds on behalf of an indigent litigant is proper only when
10 authorized by Congress.  *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).  The *in forma pauperis*
11 statute does not authorize the expenditure of public funds for expert witnesses.  *See* 28 U.S.C.
12 § 1915.

13 Accordingly, it is hereby ORDERED that plaintiff's September 3, 2008, request is
14 denied.

15 DATED:  January 27, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2