IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR WYATT,

        Plaintiff,                    No. CIV S-05-2025 EFB P

        vs.

CITY OF CHICO POLICE DEPT., et al.,

        Defendants.              ORDER

                                  /

        Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636(c).

        On December 10, 2008, defendant Palmer filed a motion for summary judgment. *See* Fed. R. Civ. P. 56. On February 1 and June 25, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). That order also informed plaintiff of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion. Despite

being granted an extension of time to do so, plaintiff failed to file an opposition.

In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 78-230(m). "Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*. Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed);

Accordingly, it is hereby ORDERED that, within 20 days of the date of this order, plaintiff shall file either an opposition to the motion for summary judgment or a statement of no opposition. Failure to comply with this order will result in this action being dismissed.

DATED: March 6, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE