IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR WYATT,

        Plaintiff,                    No. CIV S-05-2025 EFB P

    vs.

CITY OF CHICO POLICE DEPT., et al.,

        Defendants.             <u>ORDER</u>

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(3).

       This action proceeds on the March 19, 2007 second amended complaint in which plaintiff alleges, in relevant part, that defendant Palmer violated plaintiff's due process rights by arresting him and placing a hold on his parole without fully investigating the incident leading to his arrest. Dckt. No. 24. Palmer has moved for summary judgment. Dckt. No. 86. Plaintiff filed an opposition to Palmer's motion, to which Palmer filed a reply. Dckt. No. 97, 100, 102. For the reasons explained below, Palmer's motion is granted.

1

## I. Summary Judgment Standards

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. "When reasonable minds could differ on the material facts at issue, summary judgment is not appropriate." *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting the prior language of Rule 56(c), which was amended in 2007 to implement purely stylistic changes). If the moving party meets its initial responsibility, the opposing party must "set out specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must demonstrate – through evidence in the form of affidavits and/or admissible discovery material – a factual dispute that is both material (i.e. it affects the outcome of the claim under the governing law) and genuine (i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party). Fed. R. Civ. P. 56(e)(2); *Anderson*, 477 U.S. at 248-50; *Matsushita*, 475 U.S. at 586 n.11. Summary

judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 322. Thus, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

In resolving a summary judgment motion, the court examines the pleadings, the discovery and disclosure materials on file, and any affidavits filed by the parties. Fed. R. Civ. P. 56(c)(2). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in his or her favor. *Anderson*, 477 U.S. at 255*; Matsushita*, 475 U.S. at 587. Nevertheless, it is the opposing party's obligation to produce a factual predicate from which a favorable inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

On February 1, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## II.     Undisputed Facts

In 2002, Palmer, who was employed by the California Department of Corrections and Rehabilitation (CDCR), served as plaintiff's parole agent. Def. Palmer's Mot. for Summ. J., Stmt. of Undisp. Facts in Supp. Thereof ("SUF") 1. On May 9, 2002, plaintiff signed a parole agreement after first reviewing its conditions with Palmer. SUF 2. The parole agreement

included the condition that plaintiff "shall not engage in conduct prohibited by law" and stated that engaging in such conduct "may result in parole revocation even though no criminal conviction occurs." SUF 3.

In June 2002, Palmer received a police report from Chico Police Officer Jose Lara stating that Lara intended to charge plaintiff for filing a false report of an emergency as a result of an incident occurring on June 16, 2002. SUF 4. Palmer reviewed the police report and conferred with his parole unit supervisor, Ginger Winings.[1] SUF 5. Based on the evidence provided in the police report, both Winings and Palmer determined that there was sufficient cause to place a parole hold on plaintiff and process a parole violation report. SUF 5. On July 1, 2002, Winings and Palmer requested plaintiff's arrest. SUF 6. Upon plaintiff's arrest that day, Palmer provided him with a copy of the police report charging him with a false report of an emergency. SUF 7. After the arrest, plaintiff was placed in the custody of CDCR at Deuel Vocational Institution, and remained there until his parole revocation hearing on September 26, 2002. SUF 8.

On July 2, 2002, Palmer completed a parole violation report, documenting the evidence supporting his decision to have plaintiff arrested and for scheduling a parole revocation hearing. SUF 9. Plaintiff received a copy of this report and a notification of his rights before the hearing. SUF 10, 11. On September 26, 2002, the Board of Prison Terms conducted the hearing. SUF 13. A hearing officer from the Board of Prison Terms presided over the hearing, where plaintiff received legal representation from an attorney, and had an opportunity to present his side of the case, including his own witnesses and the option of cross-examining adverse witnesses. SUF 13-16. At the conclusion of the hearing, the hearing officer found plaintiff guilty of the parole violation, revoked his parole and issued him a seven month prison sentence. SUF 17. After the hearing, plaintiff received a copy of the hearing officer's decision listing the evidence relied

---

[1] On November 14, 2008, the court dismissed Winings as a defendant because plaintiff failed to provide information about where Winings could be served with process. Dckt. No. 81.

4

upon and the reasons for revoking his parole.  SUF 18.

On January 27, 2003, plaintiff completed his seven-month parole revocation sentence, and returned to the custody of the Chico Parole Unit.  SUF 19.

**III.     Analysis**

Plaintiff claims that Palmer violated his due process rights by arresting him and placing a hold on his parole without fully investigating the incident leading to his arrest.  Dckt. No. 24, ¶¶ 15-19.  According to plaintiff, he did not falsely report an emergency, but rather, was a victim of a car accident.  *Id.* ¶¶ 15, 17, 29.  Plaintiff claims further that, in January of 2004, the Butte County Superior Court dismissed the "making a false report of an emergency" charge.  *Id.* ¶ 29; *see also* Dckt. No. 100 at 2.  Palmer argues that he is entitled to summary judgment because the police report charging plaintiff with a crime presented sufficient probable cause for the arrest and parole hold.  Def. Palmer's Mot. for Summ. J., Mem. of P. & A. in Supp. Thereof ("Def.'s P. & A.") at 4.  As explained below, there is no genuine dispute in this regard and plaintiff has failed to establish a triable issue of fact and Palmer is entitled to summary judgment.

If a parole officer reasonably believes a parolee is in violation of his parole, the officer may arrest the parolee.  *United States v. Rabb*, 752 F.2d 1320, 1324 (9th Cir. 1984), *cert. denied*, 471 U.S. 1019 (1985) (reasoning that the arrest of a parolee is more like a mere transfer of the subject from constructive custody into actual or physical custody).  Due process requires "that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available."  *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972).  If the officer finds there is probable cause to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions, the parolee may be held until the parole revocation hearing.  *Id.* at 487.  Probable cause exists when the arresting officer knows "'reasonable trustworthy information sufficient to warrant a prudent person in believing that the accused had committed'" the crime.  *United States v. Butler*, 74 F.3d 916, 920 (9th Cir. 1996) (quoting *United States v.*

5

*Del Vizo*, 918 F.2d 821, 825 (9th Cir. 1990)).

Here, the information provided to Palmer from Officer Lara justified Palmer's decision to arrest plaintiff and place him in CDCR custody. Officer Lara's police report stated that plaintiff claimed he was struck by a vehicle backing out in a parking lot, was injured, and required medical transportation to a nearby hospital. Def.'s P. & A., Decl. of Palmer in Supp. Thereof, Ex. 2 ("Def.'s P. & A., Ex. 2") at 1. However, the report also included reports from four witnesses, including the driver, who told Lara that: (1) the vehicle was moving extremely slowly and could not have caused an injury; (2) plaintiff purposely threw his body onto the vehicle; and (3) plaintiff had faked his injury. *Id.* at 2-4. The report also noted that when Officer Lara spoke with plaintiff at the hospital, plaintiff refused to allow Lara to check his body for any marks or abrasions. *Id.* at 5. Lara noted that the incident was originally investigated as an injury collision, but that he was of the opinion that it was not an injury collision, that the driver was not responsible for the incident, that plaintiff had made a false report and that he would charge plaintiff with a violation of California Penal Code § 148.5, for making a false report of an emergency. *Id.* at 5-6.

As noted above, plaintiff's conditions of parole included the condition that plaintiff "shall not engage in conduct prohibited by law" and stated that engaging in such conduct "may result in parole revocation even though no criminal conviction occurs." SUF 3. Based on the facts provided in the police report, Palmer had a reasonable ground to arrest plaintiff for violating his parole. Even if the superior court ultimately dismissed the charge against plaintiff, this does not negate Palmer's reasonable belief, based on Officer Lara's police report, that plaintiff had violated his parole by engaging in conduct prohibited by law. And while plaintiff insists that he was a victim and not a criminal, *see* Dckt. No. 97 at 2, this does not change the fact that Palmer reasonably concluded, based on the information before him, that there was probable cause to hold plaintiff in custody pending his revocation hearing.

////

In his opposition brief, plaintiff makes a brief argument that Palmer violated his rights as set forth in the permanent injunction entered in the *Valdivia* action. Dckt. No. 97 at 2; Dckt. No. 100 at 1-2; *see also Valdivia v. Schwarzenegger*, No. CIV S-94-0671 LKK (E.D. Cal.); Def. Palmer's Mot. for Summ. J., Req. for Judicial Notice in Supp. Thereof, Attach. 1 (copy of *Valdivia's* March 9, 2004 Stipulated Order for Permanent Injunctive Relief, describing required procedures for probable cause and revocation hearings). However, the *Valdivia* injunction was not entered until March 2004, and plaintiff had completed his seven-month parole revocation sentence as of January 27, 2003. *See Valdivia v. Schwarzenegger*, No. CIV S-94-671 LKK GGH, Dckt. No. 1034; SUF 19. Moreover, it is not clear from plaintiff's quick reference to *Valdivia* which right he contends Palmer violated, and what relief, if any, plaintiff seeks as a result of such violation. *See Denham v. Schwarzenegger*, No. CIV F 05-0995 AWI DLB, 2005 U.S. Dist. LEXIS 29951, at *18-19 (E.D. Cal. Nov. 16, 2005) (noting that *Valdivia* does not provide "a separate, private cause of action," and that "any violations of orders issued in *Valdivia*" must be raised in *Valdivia*). To the extent plaintiff seeks injunctive relief, his claim is long since moot, and to the extent plaintiff seeks money damages, *Valdivia* would not afford him such relief.

## IV.   Conclusion

Plaintiff's claim against Palmer is based on Palmer's decision to arrest and place a parole hold on plaintiff. These actions required that Palmer had probable cause to believe that plaintiff had violated the terms of his parole. Since Palmer has established that the requisite probable cause existed, and plaintiff has not shown that any genuine issue exists as to any material fact, Palmer is entitled to summary judgment.

Accordingly, defendant Palmer's December 10, 2008 motion for summary judgment is GRANTED.

September 30, 2010

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7