1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 VICTOR WYATT,

11           Plaintiff,                No. CIV S-05-2025 EFB P

12    vs.

13 CITY OF CHICO POLICE DEPT.,
et al.,

14           Defendants.        <u>ORDER</u>

15 _____/

16      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17 U.S.C. § 1983.   The court finds appointment of counsel is warranted.  Attorney Ellen Dove, who

18 has been selected from the court's pro bono attorney panel, is hereby appointed.   Additionally,

19 the court will now set the matter for pretrial conference and the trial date will be set in the

20 forthcoming pretrial order.

21      Accordingly, IT IS HEREBY ORDERED that:

22      1.  Ellen Dove is appointed to represent plaintiff for all further proceedings.

23      2.  The Clerk of the Court is directed to substitute Ms. Dove in place of plaintiff who

24 previously was proceeding pro se.

25      3.  Ellen Dove shall notify Sujean Park, at 916-930-4278, or via email at

26 spark@caed.uscourts.gov if she has any questions related to the appointment.

1      4.  The Clerk of the Court is directed to serve a copy of this order upon Ellen Dove, 5325

2  Elkhorn Boulevard #160, Sacramento, CA 95842.

3      5.  The court's December 15, 2010 order directing the filing of pretrial statements is

4  vacated.  However, the parties are referred to that order for the procedures that apply for calling

5  witnesses.

6      6.  A final pretrial conference is set before the undersigned on February 23, 2011 at 11:00

7  a.m., in Courtroom No. 24.  Counsel are cautioned that counsel appearing for pretrial will in fact

8  try the matter.  Counsel for all parties are to be fully prepared for trial at the time of the pretrial

9  conference, with no matters remaining to be accomplished except production of witnesses for

10  oral testimony.  Counsel are referred to Local Rules 281 and 282 relating to pretrial statements

11  and conferences.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE

12  GROUNDS FOR SANCTIONS.

13      7.  The parties shall file a *joint pretrial statement* not later than fourteen days prior to the

14  pretrial conference.  The joint pretrial statement shall conform with the requirements of Local

15  Rule 281(b).  Where the parties are unable to agree as to what factual issues are properly before

16  the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL

17  ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy

18  concerning each issue.  The parties should keep in mind that, in general, each fact should relate

19  or correspond to an element of the relevant cause of action. The parties should also keep in mind

20  that the purpose of listing the disputed factual issues is to apprise the court and all parties about

21  the precise *issues* that will be litigated at trial.  *The court is not interested in a listing of all*

22  *evidentiary facts underlying the issues that are in dispute.*

23      Pursuant to Local Rule 281(b), the parties are required to provide in their pretrial

24  statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what

25  purpose.  These lists shall not be contained in the pretrial statement itself, but shall be attached as

26  separate documents to be used as addenda to the final pretrial order. Plaintiff's exhibits shall be

2

listed numerically; defendant's exhibits shall be listed alphabetically.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

DATED:  January 19, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE